## THOMAS H. TRUITT *vs.* WILLIAM F. REVILL.

A party justifying under execution process, must show the judgment, execution and levy.

The execution is proved by the original, or a certified copy.

In replevin, if the plaintiff count in the detinuit, he can recover damages for the detention only until replevin, though he should prove the property still in defendant's possession.

REPLEVIN for a carriage and harness. Sheriff returns "goods replevied; defendant gave security, and the property remains in his hands."

Pleas—1st. Property in James R. Truitt, and that defendant as a constable by virtue of execution process at the suit of C. S. Watson & Co., against the said James R. Truitt, took the goods and chattels in the declaration mentioned. 2d. Property in the said James R. Truitt; and a further justification as constable by virtue of execution process, at the suit of John R. Draper against the said James R. Truitt. 3d. Property in James R. Truitt.

*Houston,* for plaintiff, relied on the insufficiency of the proof of the levy. The proof offered and admitted was the magistrate's docket of two judgments at the suit of C. S. Watson & Co. *vs.* James R. Truitt; and John R. Draper *vs.* James R. Truitt, on which there was an entry that execution, issued to Wm. F. Revill, const., August 12th and 15th, 1842, which were returned " goods sold for \$76 61, &c." There was also a certified copy of the said judgments, to which there was added what purported to be a copy of an inventory and appraisement, including a carriage and harness. The execution was not produced nor a copy of it: nor was there any connection shown between this copy of the levy and the judgments and execution, except that it was added to the copy of the record of the judgments. (2 *Harr. Rep.* 343, *State use of Causey* vs. *James Lofland.*)

*The Court.*—The two first pleas alledge property in James Truitt, and justify the taking it from plaintiff by virtue of execution process in defendant's hands as constable at the suit of the Messrs. Watson &Co. and John R. Draper. As to the authority under the levy, the defendant has produced evidence of the judgment and entry of the issuing an execution, and also a detached copy of an inventory and appraisement; but he has not shown any execution by the production of the original writ, or any certified copy of it. It does not appear therefore by any evidence, that this execution justified the defendant in seizing these goods; and as an officer, justifying under process, must prove his authority and that the process authorizes the act, he fails in doing so unless he shows the process or a certified copy of it. The defendant fails then on the first two pleas. The third plea simply sets up property in James Truitt. It is for the jury to say on this issue, whose property was this carriage and harness at the time of the taking. If the jury is satisfied that it was James Truitt's property, the verdict should be for the defendant; if the contrary, the verdict ought to be for the plaintiff, and damages for the caption of the property and detaining it until it was replevied.

But objection has been taken to the right of recovery in this case,

because it has been proved that the defendant still detains the property; and the declaration is only in the detinuit.

In our practice the declaration in replevin depends on the return of the sheriff. If the sheriff shows that he has replevied the property and delivered it to the plaintiff in replevin, his declaration is necessarily in the detinuit; for he has got the property and complains only of the taking and detention until replevied. If however the sheriff's return shows that he has not delivered the property to the plaintiff in replevin, because the defendant gave security and kept it, the declaration is in the detinuit, and goes for damages to the value of the property taken. The declaration is here in the detinuit, and though it is proved that the party still detains the goods, the plaintiff can recover, on this declaration, no more than he seeks; damages for the taking and detention until replevied.

Verdict for the defendant.

*Houston*, for plaintiff.
*Cullen*, for defendant.